UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 11-91-KKC-CJS

RICKY ALLEN BROCK                                              PETITIONER

v.                    **REPORT AND RECOMMENDATION**

**GARY BECKSTROM, Warden**
**Eastern Kentucky Correctional Complex**                      RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Ricky Allen Brock, an inmate currently incarcerated in the Eastern Kentucky Correctional Complex, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (R. 1). Consistent with local practice, the matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having reviewed Petitioner's filing, including the relevant Kentucky court decisions, and finding Brock's presentation to be untimely, it is recommended that his Petition be **denied.**

I.      **Preliminary Review**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response.[1] Rule 4 specifically instructs trial courts that "[i]f it plainly

---

[1] This Court ordered Respondent to file certain documents from the Kentucky Supreme Court and address the timeliness of the Petition. Having provided the Court with the relevant state court documents, the Court granted Respondent an open-ended extension and ordered he need not file a Rule 5 Answer until further order of the Court. (R. 8).

appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this Court's preliminary review reveals that Brock's Petition is time-barred, Rule 4 mandates that the Petition be dismissed without requiring Respondent to formally Answer.[2]

## II. Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). This case is governed by subsection A. However, the one-year period of limitations is tolled by the amount of time that "a properly filed application for State

---

[2]District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198 (2006). It is unclear whether notice is required for Rule 4 "screening" dismissals, but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio March 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Here, a Bell County, Kentucky, jury on June 16, 2005, convicted Brock of one count of first-degree assault and one count of murder. (R. 1-4, at 5).[3] On July 20, 2005, the trial court entered judgment and sentenced Brock to a total term of imprisonment of 35 years. (*Id*., at 4-7). Brock appealed, and the Kentucky Supreme Court affirmed his conviction on May 10, 2007. (*Id*., at 36; *Brock v. Kentucky*, No. 2005-SC-600-MR, 2007 WL 1159635 (Ky. April 19, 2007)). His conviction became final ninety days later, on August 8, 2007, after the expiration of the period in which he could have petitioned the United States Supreme Court for certiorari. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (citing *Clay v. United States*, 537 U.S. 522, 527-28 (2003)).

On July 18, 2007, prior to the expiration of his time to petition for certiorari, Brock filed a Motion to Vacate pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, seeking post-conviction relief. (R. 1-4, at 8). Since the time during which a properly filed application for state post-conviction relief tolls the limitations period, *see* 28 U.S.C. § 2244(d)(2), Brock's limitation period did not begin to run until July 30, 2008, the date the Kentucky Court of Appeals' decision on Brock's RCr 11.42 motion became final. (*Id*., at 44).

---

[3] For ease of reference, the page numbers cited are those provided by Petitioner in the lower right-hand corner of each page.

On December 10, 2008, 133 days after his limitations period began to run, Brock filed a motion in the Bell County Circuit Court under RCr 10.26. (*Id.*, at 29). Kentucky courts have held, however, that a RCr 10.26 motion is not a mechanism for obtaining post-conviction relief. *See Vaughn v. Commonwealth*, No. 2005-CA-002259-MR, 2006 WL 2520309, at *1 (Ky. Ct. App. Sept. 1, 2006); *see also Chipman v. Commonwealth*, No. 2007-CA-000329-MR, 2008 WL 682439, at *3 (Ky. Ct. App. March 14, 2008) ("RCr 10.26 cannot be used to obtain post-conviction relief").

The *Vaughn* Court explained:

First, CR 61.02 and RCr 10.26 are not mechanisms for obtaining post-conviction relief. Rather, those rules allow palpable error that was insufficiently raised or preserved to serve as grounds for relief in a motion for a new trial filed pursuant to RCr 10.06 or in a direct appeal. . . .

Second, [Petitioner's] attempt to obtain relief in this fashion was not allowed by the rules governing post-conviction relief. In *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983), the Kentucky Supreme Court stated that "(t)he structure provided for attacking the final judgment of a trial court in criminal cases is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." As [Petitioner] has utilized post-conviction attacks on his conviction by direct appeal, RCr 11.42, and CR 60.02, his belated attempt to obtain a new trial in the manner he employed was improper.

*Id*.

In affirming the circuit court's denial of Brock's RCr 10.26 motion, the Kentucky Court of Appeals explained that RCr 10.26 pertains to an unpreserved palpable error and merely provides a mechanism to obtain relief when it is determined that a manifest injustice occurred. (R. 1-4, at 33-35). "RCr 10.26 does not provide a procedural mechanism for filing an independent motion thereunder." (*Id.*). The court explained that Brock should have raised the issues presented in his RCr 10.26 motion in either his direct appeal, or in a post-conviction motion under RCr 11.42 or

Kentucky Rule of Civil Procedure 60.02. (*Id.*). Thus, Brock's filing of a RCr 10.26 motion was not a properly filed post-conviction motion, and therefore did not toll his limitations period for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2); *Vaughn v. Haney*, No. 09-56-ART, 2009 WL 5216034, at * 3 (E.D. Ky. Dec. 28, 2009). Accordingly, to be timely, Brock's § 2254 petition had to be filed no later than July 30, 2009, a date he exceeded by more than 19 months.

Moreover, even if the RCr 10.26 motion tolled the limitations period, Brock's § 2254 petition would still be deemed untimely. Brock filed his 10.26 motion on December 10, 2008, after 133 days of his limitations period had run. The motion remained pending until June 25, 2010, the date the Kentucky Supreme Court dismissed his petition seeking discretionary review. (R. 6-1, at 9-10). Giving Brock the benefit of any doubt as to the timeliness of his various appeals on the 10.26 motion, to be timely his § 2254 petition needed to be filed by February 12, 2011, a date he exceeded by 40 days.

Therefore, even after giving Petitioner the benefit of permitting his 10.26 motion to toll the limitations period and applying a lenient calculation of the limitations period, his § 2254 petition is time-barred. *See Lawrence*, 549 U.S. at 330-31 (noting that upon expiration of the one-year limitations period, a federal petition can no longer be considered).

In addition, there is no basis for equitable tolling of the statute of limitations in this case, to the extent that Brock may seek it. The Sixth Circuit requires courts to determine the propriety of equitable tolling on a case-by-case basis, based upon a review of five factors: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and

5

(5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Here, Brock offers no grounds that could trigger the doctrine of equitable tolling, which doctrine is to be "sparingly" applied. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). In his Petition, Brock acknowledged the one-year limitation period, but asserted that he thought his limitation period expired on March 30, 2011. (R. 1, at 14). The Supreme Court has held that miscalculation of the limitation period is not sufficient to warrant equitable tolling. *Lawrence*, 549 U.S. at 336-37.

Furthermore, Brock has not demonstrated that he diligently pursued his rights. The record demonstrates that even though Brock sought post-conviction relief through an RCr 11.42 motion, it was upon his request that the Kentucky Court of Appeals dismissed his appeal. (R. 1-4, at 44). Additionally, after the Kentucky Supreme Court dismissed his case seeking discretionary review of the denial of his RCr 10.26 motion for failure to pay the $10 filing fee, Brock waited an additional nine months before filing his § 2254 petition. This conduct does not portray the diligent pursuit of one's rights. Brock has also failed to show extraordinary circumstances warranting equitable tolling. Therefore, on the record before the Court, equitable tolling is not applicable.

**III.    Procedural Default**

Even if Brock's Petition were not time barred, his ineffective assistance of counsel claims would be subject to dismissal for his procedural default. A prisoner filing a § 2254 petition must first exhaust all available state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). To be deemed properly exhausted, each claim must have been fairly presented to the state courts, including presenting the

6

claim to the state's highest court. *Hafley,* 902 F.2d at 483; *see also Wagner v. Smith,* 581 F.3d 410, 414-15 (6th Cir. 2009).

Here, Brock alleges essentially two claims of ineffective assistance of counsel based on counsel's failure to: 1) protect his rights and move for a mistrial or directed verdict after it was learned a document containing his criminal history was inadvertently mingled with the jury exhibits during the penalty phase of his trial; and 2) seek a competency hearing. Brock raised the first issue in his RCr 11.42 motion and appealed the circuit court's denial. However, he filed a motion to dismiss the appeal, which was granted. (R. 1-4, at 44). Thus, he did not fairly present this issue to the Kentucky courts. In addition, Brock did not raise in the state courts the issue regarding whether counsel's failure to request a competency hearing constitutes ineffective assistance. Since he did not fairly present either of his ineffective assistance of counsel claims to the state courts, he has not exhausted his state remedies.

When a petitioner has not exhausted his state remedies, the federal court must determine whether the petition should be dismissed in order to allow for the petitioner to present his claims to the state court. If a petitioner failed to present his claims in state court and would now be procedurally barred from doing so, there is a procedural default for purposes of his federal habeas claim. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Here, Brock's ineffective assistance of counsel claims are procedurally barred. Under Kentucky law, a defendant may file a post-conviction motion for relief within three years of final judgment, with certain exceptions not at issue here. *See* RCr 11.42(10). All possible grounds for relief must be presented in this post-conviction motion, and the defendant will be barred from later raising any issue "that could reasonably have been presented." RCr 11.42(3); *see also Stoker v.*

*Commonwealth*, 289 S.W.3d 592, 597 (Ky. Ct. App. 2009). Though Brock raised his first ineffective assistance of counsel claim in his 11.42 motion, his appeal of the circuit court's denial was dismissed at his request. (R. 1-4, at 44). Thus, the Kentucky appellate court did not review his claim on the merits.

In addition, although he could have raised it in his RCr 11.42 motion, Brock did not present his second claim of ineffective assistance to the state court. Kentucky law precludes successive 11.42 motions raising issues that should have been raised on direct appeal or in an initial 11.42 motion. *See Harris v. Commonwealth*, No. 2010-CA-000826-MR, 2011 WL 1706771, at *2 (Ky. Ct. App. May 6, 2011). Therefore, Kentucky law would prevent Brock from filing a second RCr 11.42 motion. Moreover, the three-year time period permitted under Kentucky law for filing an RCr 11.42 motion expired on August 8, 2010.

Brock's procedural default can only be excused if he can establish cause and prejudice for the failure to present his claims to the state courts or if he can show actual innocence. *Nesser v. Wolfe,* 370 F. App'x 665, 669-70 (6th Cir. March 25, 2010); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). Brock's Petition offers no reasons why the default of his claim should be excused under either exception to the exhaustion of state remedies requirement. Therefore, Brock's ineffective assistance of counsel claims, even if timely, are procedurally defaulted.

**IV.     Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### V.     Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Brock's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (R. 1) be **denied**;

(2)     Respondent's Motion to Dismiss (R. 6) be **denied as moot**;

(3)     This case be **dismissed and stricken** from the active docket of this Court without the necessity of requiring Respondent to file a written response; and,

(4)     A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 3rd day of June, 2011.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254PrelimsSOL\11-91-prelimsol.wpd